Ms. Kay Barnhill Terry State Personnel Administrator Office of Personnel Management Department of Finance and Administration
1509 West Seventh Street, Suite 201 Little Rock, Arkansas 72203-3278
Dear Ms. Terry:
I am writing in response to a request, made pursuant to A.C.A. § 25-19-105(c)(3)(B), for my opinion on whether the release of certain records in the Arkansas Administration Statewide Information System (AASIS) would be consistent with the Arkansas Freedom of Information Act (FOIA), which is codified at A.C.A. §§ 25-19-101 to-110 (Repl. 2002 Supp. 2009). The FOIA requester seeks an electronic copy of the name, job title, salary, agency name, work address, telephone number, and fax number of every state employee.
Three employees object to the release of this information. They each ask me to evaluate your two decisions with respect to this information. First, you have decided that the requested information qualifies as a "personnel record." Second, you have decided that, pursuant to the FOIA's test for disclosure of personnel records, these records must be released.
RESPONSE
My duty under A.C.A. § 25-19-105(c)(3)(B) is to determine whether a custodian's decision regarding the disclosure of certain employee-related documents is consistent with the FOIA. In the present case, you have determined that the requested records are personnel records and should be released. In my opinion these decisions are consistent with the FOIA. *Page 2 
DISCUSSION
A document must be disclosed in response to a FOIA request if all three of the following elements are met. First, the FOIA request must be directed to an entity subject to the act. Second, the requested document must constitute a public record. Third, no exceptions allow the document to be withheld.
As this office has consistently opined, given the nature of this request, the first two elements are clearly met. The analysis for those two elements is contained in Opinion No. 2011-045, which is enclosed. So I will not repeat it here.
Turing to the third element, the question is whether some exception shields these records from disclosure. As noted in Opinion No. 2011-045, these records meet the definition of a "personnel record."[1] Accordingly, the FOIA requires that these records be released unless doing so constitutes a "clearly unwarranted invasion of personal privacy."[2] As Opinion No. 2011-045 explains, the release of these kinds of records — i.e., those reflecting the name, salary, job title, etc. — will rarely rise to the level of such an invasion. Therefore, these kinds of records generally must be released.
The only remaining question is whether any of the three objectors present arguments indicating that, in their specific cases, the release of this information would be a clearly unwarranted invasion of personal privacy. The first objector — who does not give an argument — simply states that she "does not wish" for her information to be released. The FOIA does not require the consent of the subject of the records in order for public records to be disclosed.
The second objector claims that the release of this information increases the probability that she will be the target of identity theft. Concerns about the FOIA and identity theft were addressed in Opinion No. 2011-044. In that Opinion, this office applied the personnel records balancing test, which is described in the enclosed opinion, to conclude that the kinds of information being sought here must be released. *Page 3 
The third employee objects because he wants to know the motive or intent of the person requesting the information. This office has repeatedly noted that the intent of the FOIA requestor is generally irrelevant to the question whether the document must be released.[3]
In summary, you have correctly determined that the electronic information being sought is a personnel record that must be disclosed under the test for the release of such records. Further, none of the three objectors presents a reason that the FOIA recognizes as sufficient to prevent disclosure.
Assistant Attorney General Ryan Owsley prepared this opinion, which I hereby approve.
Sincerely,
DUSTIN McDANIEL Attorney General
DM/RO:cyh
Enclosure
[1] Please see Opinion No. 2011-045 for the definition of "personnel record."
[2] A.C.A. § 25-19-105(b)(12) (Supp. 2009).
[3] E.g. Op. Att'y Gen. 2011-071. *Page 1